IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESTER DOBBEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-818-GPM ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motions to reconsider (Docs. 7 and 8) an interlocutory order of the Court – specifically, the Court's order denying his motions for appointment of counsel and for preliminary/permanent injunction. It is well-settled that a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. A federal court may, however, reconsider an interlocutory order pursuant to its inherent powers. *See United States v. Jerry*, 487 F.2d 600, 604-05 (3ᵈ Cir. 1973); *accord Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("Rule 60(b) [is] not available for relief from an interlocutory order. Rule 59 (e) is equally applicable only to a final judgment."). The Supreme Court has stated: "[I]f an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity." *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90-91 (1922); *see also* FED. R. CIV. P. 60, Advisory Committee Note on 1946 Amendment to Subdivision (b) ("The addition of the

qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

In this case, Plaintiff asserts that the Court erred as a matter of law in denying his motions for appointment of counsel and for preliminary/permanent injunction. The Court has reviewed the record and remains convinced that its rulings denying Plaintiff's motions for appointment of counsel and for preliminary/permanent injunction were correct. Plaintiff's motions to reconsider (Docs. 7 and 8) are **DENIED**.

**IT IS SO ORDERED.**

DATED: 03/24/08

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge