# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LESTER DOBBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-818-GPM |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Stateville Correctional Center (SCC), brings this action for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages, declaratory, and injunctive relief for an alleged incident of racial harassment at Menard Correctional Center (MCC), an alleged retaliatory disciplinary action, and an alleged denial of due process in connection with his grievances. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
 (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
 (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### THE COMPLAINT

Plaintiff asserts that while he was confined at MCC he was assigned to work as a janitor. Plaintiff alleges that while he was performing his job duties on January 24, 2007, he observed Defendant Mefflin hang a noose in the middle of the "officer's cage/main control room." Plaintiff contends that Defendant Mefflin did not say anything to anyone, but he swatted the noose so that it swung back and forth. Plaintiff also states that Defendant Mefflin sat in a chair and "crossed his arms looking crazy with evil in his eyes." Plaintiff further alleges that 20 minutes later, Defendant Mefflin took the noose down. Plaintiff claims that the entire incident was witnessed by Defendants Doughty, Thies, Evers, and "C/O John Doe," who were playing cards in the room. Plaintiff claims that these actions violated his Eighth Amendment rights.

Plaintiff filed both an "emergency grievance" and a "secondary grievance" concerning Mefflin's actions. Plaintiff also wrote letters to various prison officials and others concerning the incident. In his grievances, Plaintiff expressed concern that Mefflin may "go Postal" and kill someone. He was also insulted that Mefflin's actions came so close to Black History month. Plaintiff requested protection from possible unspecified future retaliation for bringing the matter to the attention of prison officials. Specifically, Plaintiff requested transfer to SCC or Logan Correctional Center (LCC). Plaintiff was interviewed about his grievances by Defendants John Does 1 and 2 – identified as internal affairs officers. These officers reported that a search of the "officer's cage/main control room" did yield a noose. Plaintiff contends, however, that he never

received a satisfactory response to his grievances and that he was informed only that issues of staff discipline were not discussed with inmates. Furthermore, with regard to the "secondary grievance," it appears that the paper work was lost or misplaced by Defendant Ryan. Plaintiff contends that the "secondary grievance" was lost on purpose as a means of covering up Mefflin's actions. Plaintiff claims that these actions violated his right to due process of law.

On February 20, 2007, Plaintiff was issued a disciplinary report by Defendant Huff, who was overseeing Plaintiff's work detail, for disobeying a direct order. Plaintiff claims that the disciplinary report is false and was issued by Defendant Huff in retaliation for Plaintiff filing grievances against Mefflin concerning the noose. Despite maintaining his innocence, a disciplinary committee found Plaintiff guilty of the misconduct. Plaintiff received the following discipline: (1) one month "C-grade"; (2) one month commissary restriction; and (3) assignment change.

### DISCUSSION

**A. Racial Harassment**

Obviously the Court does not condone the actions allegedly taken by Defendant Mefflin, but such actions simply do not rise to the level of a violation of Plaintiff's constitutional rights. The Court notes that isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Likewise, an isolated incident of a non-verbal threat – a symbol or hand gesture – does not rise to the level of a constitutional violation. Therefore, Plaintiff's allegations fail to state a claim upon which relief may be granted.

**B. Retaliatory Disciplinary Action**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit Court of Appeals recently clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006); *see also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993). In this instance, Plaintiff's grievance concerned an isolated incident, occuring in the early morning hours, that lasted only twenty minutes, and was observed by only a few other inmates (at best). Under these circumstances, the Court finds that Plaintiff's grievance was a "personal gripe" about Mefflin's action – not a matter of "public concern." As such, Plaintiff's allegations fail to state a claim upon which relief may be granted.

**C. Due Process Claim**

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals

has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* After *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In this case, Plaintiff's discipline consisted of one month on "C-grade," one month commissary restriction, and loss of job assignment. Nothing in the complaint or exhibits suggests that the disciplinary conditions endured by Plaintiff were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit.

### E. Claim Against Illinois Department Of Corrections

Plaintiff's claim against the Illinois Department of Corrections (IDOC) must be dismissed pursuant to § 1915A. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931

F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Therefore, the complaint does not state a claim against the IDOC.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 06/11/2008

                                        *s/ G. Patrick Murphy*
                                        G. Patrick Murphy
                                        United States District Judge