# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESTER DOBBEY, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 07-818-GPM |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motion for extension of time (Doc. 23), his motion for appointment of counsel (Doc. 24), his second motion for leave to appeal *in forma pauperis* (Doc. 25), and his motion for transcript of proceedings (Doc. 26).

On June 11, 2008, this Court dismissed Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915A. Plaintiff filed a notice of appeal (Doc. 15) and his first motion for leave to appeal *in forma pauperis* (Doc. 16). This Court denied Plaintiff's first motion for leave to appeal *in forma pauperis* and directed Plaintiff to either pay the full appellate filing fees or to seek leave to appeal *in forma pauperis* directly from the Seventh Circuit Court of Appeals (Doc. 21).

On September 3, 2008, the Clerk of this Court received a notice from the Court of Appeals directing the Clerk to immediately transmit the entire record on appeal to the Court of Appeals (*see* Doc. 27). The Clerk certified and transmitted the record on appeal as directed (Doc. 28), and the record on appeal was received by the Court of Appeals (Doc. 29).

On September 25, 2008, the Court of Appeals granted Plaintiff's motion for leave to appeal which, it appears, Plaintiff had filed pursuant to Rule 24 of the Federal Rules of Appellate Procedure. *See* Doc. 30; *Dobbey v. Illinois Dept. Of Corrections,* No. 08-2828 (7th Cir. September 25, 2008) (Order granting *in forma pauperis* motion). The Court of Appeals directed this Court "to assess an initial partial filing fee for the appeal and to notify this court when the partial fee has been collected." *Id*. The Court of Appeals' Order was received in this Court on September 29, 2008.

On September 29, 2008, this Court also received full payment of the $455 appellate docketing fee from Plaintiff. Because Plaintiff submitted the full appellate docketing fee, there is no longer a need to assess an initial partial filing fee. Additionally, because Plaintiff has been granted leave to appeal *in forma pauperis* by the Court of Appeals, Plaintiff's second motion to appeal *in forma pauperis* (Doc. 25) and his motion for extension of time to obtain a "docketing statement" (Doc. 23) are **DENIED as moot**.

With regard to Plaintiff's motion for appointment of counsel, there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion to appoint counsel is **DENIED**. Plaintiff, however, may request appointment of counsel directly from the Seventh Circuit Court of Appeals.

In his motion for transcript of proceedings (Doc. 26), Plaintiff seeks "a copy of the Transcripts of Proceedings … for the record on appeal." As noted above, the full record on appeal already has been certified, sent to, and received by the Court of Appeals (*see* Docs. 27, 28, and 29). Therefore, Plaintiff's motion for transcript of proceedings (Doc. 26) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: 10/14/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge