IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESTER DOBBEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-cv-818-GPM ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court pursuant to the mandate issued by the United States Court of Appeals for the Seventh Circuit (Doc. 36).

On June 11, 2008, this Court dismissed Dobbey's civil rights complaint seeking relief under 42 U.S.C. § 1983. Dismissal occurred prior to service of process pursuant to the authority given this Court in 28 U.S.C. § 1915A.

On direct appeal, the Seventh Circuit affirmed this Court's dismissal in part, reversed it in part, and remanded the case (*see* Doc. 36). Specifically, the Seventh Circuit affirmed the dismissal of the Illinois Department of Corrections. It also upheld the dismissal of Dobbey's claim asserting cruel and unusual punishment (i.e., the making and displaying of a noose) and the dismissal of Dobbey's claim that he was denied due process in connection with a disciplinary action.

But the Seventh Circuit reversed the dismissal of Dobbey's claim asserting retaliation for filing grievances. Specifically, Dobbey asserted that the retaliation consisted of being issued an allegedly false conduct violation for disobeying a direct order which was issued on or about

February 20, 2007. The alleged retaliation also appears to have consisted of a transfer to Stateville Correctional Center. Not all of the defendants named in this action, however, are alleged to be personally and directly involved with the allegedly false disciplinary action and transfer. Liberally construing the complaint, Dobbey appears to assert his retaliation claims against Defendants Huff, Hulick, and Murray. Therefore, these Defendants will be directed to respond to this action.

**IT IS HEREBY ORDERED** that the claims against all Defendants except Defendants Huff, Hulick, and Murray remain **DISMISSED** pursuant to the Court's prior order.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Huff, Hulick, and Murray**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Huff, Hulick, and Murray** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from the Illinois Department of Corrections pursuant to this order shall not be maintained in the court file or disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**DATED: 9/1/09**

              s/ *G. Patrick Murphy*
              G. Patrick Murphy
              United States District Judge