IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESTER DOBBEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-818-GPM |
| | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **CORRECTIONS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court for purposes of docket control. On remand from the Seventh Circuit Court of Appeals, Plaintiff Lester Dobbey is proceeding under 42 U.S.C. § 1983 against three defendants – Donald Hulick, Tyrone Murray, and Kenneth Huff – on claims of retaliation for filing grievances. Recently, the United States Marshals Service filed a motion indicating that Defendant Huff could not be served because he is on military leave of absence from his employment with the Illinois Department of Corrections (IDOC).[1] The Marshals Service's inability to locate Huff demonstrates good cause for the lack of service, requiring the Court to extend the service deadline for an appropriate period. *See* FED. R. CIV. P. 4(m). According to IDOC, Defendant Huff is expected to be on military leave for at least another year (*see* Doc. 47); therefore, an appropriate extension will be lengthy.

---

[1] Defendants Hulick and Murray waived service, and their responsive pleadings are due shortly.

Because Huff is a state employee, his employer's decision to grant him a military leave of absence permits the reasonable inference that he is on active military duty. *See* 5 ILCS 325/1. Accordingly, Plaintiff and Defendants Hulick and Murray have submitted their positions on the applicability of the Servicemembers Civil Relief Act (SCRA), 50 App. U.S.C.A. §§ 501-596. Because Plaintiff considers Huff's presence necessary for the pretrial phase of this litigation, he seeks a stay of all proceedings (Doc. 56). By contrast, Defendants Hulick and Murray ask that the case proceed against them because they are uncertain whether the provisions of the SCRA apply (Doc. 54).

One of the purposes of the SCRA is to provide for the temporary suspension of judicial proceedings that may adversely affect the civil rights of servicemembers during their military service. 50 App. U.S.C.A. § 502. Defendant Huff has not received notice of this action, so § 201 of the Act applies. The Court shall, upon application of counsel or on its own motion, stay the action for a period of not less than 90 days if the Court determines that: (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant or (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists. 50 App. U.S.C.A. § 521(d). Plaintiff's claims may proceed against codefendants who are not in military service – here, Defendants Hulick and Murray – with judicial approval. *Id*. at § 525(b).

Plaintiff's retaliation claim against Huff arose when Huff initiated disciplinary charges on February 20, 2007. Plaintiff claims that co-defendants Hulick and Murray retaliated against him through their participation in the grievance procedure. Defendants Hulick and Murray are not entitled to a stay of the proceedings based upon Defendant Huff's military service. *See generally*

3 FED. PROC., L. ED. § 5:505 (June 2006) ("The Soldiers' and Sailors' Civil Relief Act [now revised and cited as the Servicemembers Civil Relief Act] is designed to protect the service member and not the member's codefendants, and, in the absence of prejudice to the service member, a proceeding involving the member will usually not be stayed for the benefit of other parties."); 53A AM. JUR. 2D *Military and Civil Defense* § 401 (May 2006). Likewise, Plaintiff is not afforded protection under the Act. There is nothing to prevent Plaintiff from using discovery procedures to obtain testimony from Huff to be used in his case against Hulick and Murray.

The Court, on its own motion, **SEVERS** and **STAYS** the proceedings against Defendant Huff until he returns from active military duty. A severance of Plaintiff's claim against Defendant Huff under Federal Rule of Civil Procedure 21 is appropriate because that claim is capable of resolution despite the outcome of his claims against Defendants Hulick and Murray. *See Gaffney v. Riverboat Svcs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006). Plaintiff's claim against Defendant Huff shall proceed as a separate proceeding, and the Clerk of Court is **DIRECTED** to docket a copy of the complaint (Doc. 1) as a new civil action.[2] The only parties to the new action are Plaintiff Lester Dobbey and Defendant Kenneth Huff, and the only remaining claim is for retaliation. The Clerk also shall docket in the new case: the Court of Appeals' Mandate (Doc. 36); this Court's Order dated September 2, 2009 (Doc. 41); and a copy of this Memorandum and Order.[3] Plaintiff's attorneys of record shall be entered as counsel in the new case. The Clerk shall notify the

---

[2]Because Plaintiff's claim against Defendant Huff is being severed on the Court's motion, Plaintiff will not incur an additional filing fee for the new action.

[3]The new case will not undergo an additional threshold review under 28 U.S.C. § 1915A; therefore, the Clerk of Court shall assign a magistrate judge upon opening the new case. For consistency, the new case shall be assigned to the undersigned district judge and to United States Magistrate Judge Philip M. Frazier.

parties of the new case number when it is assigned. Plaintiff's action against Defendant Huff shall **remain stayed** until Huff returns from active military duty. The Court **DIRECTS** IDOC, as Defendant Huff's employer, to inform the Court when Huff is relieved from duty and returns to work so that the stay may be lifted. The Clerk of Court is **DIRECTED** to send a copy of this Memorandum and Order to IDOC and to the United States Marshals Service. Additionally, Plaintiff is **DIRECTED** to file a Status Report on or before **December 1, 2010**, regarding the status of the stay. Once the stay is lifted, the Court will address service of Defendant Huff.

This case shall proceed on Plaintiff's retaliation claims against Defendants Hulick and Murray, who shall file their responsive pleadings in accordance with the Order entered January 4, 2010 (Doc. 57).

**IT IS SO ORDERED.**

DATED: 03/29/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge